## Case No. 5,843.

GROSS & P. MANUF'G CO. v. GERHARD.

[8 Reporter, 136;   7 Wkly. Notes Cas. 51;   25 Int. Rev. Rec. 280;   27 Pittsb. Leg. J. 36.]

Circuit Court, E. D. Pennsylvania. March 22, 1879.

PRACTICE IN CIVIL CASES—SECURITY FOR COSTS—INTERPLEADER.

[Where property seized under execution is claimed by a third person, and an interpleader is directed, the claimant has the burden of proof, and is the real as well as the nominal plaintiff in the feigned issue. Therefore he cannot require the plaintiff in execution, though a non-resident, to give security for costs.]

[This was a suit by the Gross & Phillips Manufacturing Company against Gerhard.]

Rule on the defendant in an interpleader issue to enter security for costs. The plaintiff, a non-resident, brought suit and obtained judgment in October, 1878. Execution issued,

and certain goods, consisting of the stock of a lumber yard, were seized as the property of the defendant, but were claimed by defendant's brother. Upon the hearing of the rule for an interpleader, the claimant asked that the defendant in the feigned issue (the original plaintiff) be directed to enter security for costs; but the court (Butler, J.), refused to make such order unless the claimant filed an affidavit disclosing his title, and made the rule absolute. Thereupon the claimant took this rule and filed his affidavit stating that he had purchased the goods from the defendant in the execution on the 7th of August, 1878. A valuable consideration for the purchase was stated. Since the purchase the deponent had been in full, absolute, and exclusive possession of the goods.

Mr. Rich, for the rule.

The nominal defendant is, in fact, the plaintiff, and, being a non-resident, should enter security for costs.

Mr. Mason, contra.

If the facts stated in the affidavit are true, the defendant in the feigned issue would not, in any event, be required to pay costs. Mansley v. Moore, 1 Wkly. Notes Cas. 268. The affidavit shows that the claimant is the actual as well as nominal plaintiff.

BUTLER, District Judge. While it is true that the party who is actually the defendant may, under the rule of court, require security for costs, although nominally he is plaintiff, the facts here disclosed by the affidavit show a case in which the burden of proof is upon the claimant to satisfy the jury that he obtained the goods bona fide, and paid full value for them. He is the actual as well as the nominal plaintiff. Rule discharged.

---

GROSVENOR (GEAR v.). See Case No. 5,-291.

GROSVENOR (SEABURY v.). See Case No. 12,576.

GROTE (DECKER v.). See Case No. 3,726.

GROTENKEMPER (UNITED STATES v.). See Case No. 15,267.